IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, | CIVIL NO. 21-00249 DKW-KJM |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| v. | |
| SCOTT HARRINGTON, *et al.*, | |
| Defendants. | |

Before the Court is pro se Plaintiff Joseph Pitts' ("Pitts") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Pitts alleges that Defendants,[1] prison officials at the Halawa Correctional Facility ("HCF"), violated the First, Sixth, and Fourteenth Amendments to the United States Constitution by instituting a policy that limits inmates in the Special Holding Unit to thirty-minutes per day for legal telephone calls. For the following reasons, the Complaint is DISMISSED with partial leave to amend.

## I. **SCREENING**

The Court is required to conduct a pre-Answer screening of any case in which a prisoner seeks redress from a governmental entity, or officer or employee

---

[1]Pitts names as Defendants Warden Scott Harrington and Unit Team Manager ("UTM") Monica Chun in their official and individual capacities. ECF No. 1 at 1.

of a governmental entity, or in which a plaintiff proceeds in forma pauperis.

28 U.S.C. §§ 1915(e)(2), 1915A(a).  During this screening, the Court must dismiss

any complaint, or any portion thereof, that is frivolous, malicious, fails to state a

claim on which relief may be granted, or seeks damages from defendants who are

immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Andrews v.*

*Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early

on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing

screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

In determining whether a complaint or any portion thereof should be

dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or

1915A(b), the Court applies the same standard as that under Federal Rule of Civil

Procedure 12(b)(6) ("Rule 12").  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th

Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its

face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and

citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018)

(per curiam).  A claim is "plausible" when the facts alleged support a reasonable

inference that the plaintiff is entitled to relief from a specific defendant for specific

misconduct.  *See Iqbal*, 556 U.S. at 678.  Although this plausibility standard does

not equate to a "probability requirement," "it asks for more than sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (same).

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8") when screening a complaint. Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted) (brackets in original); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (same).

The Court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt. *See Byrd*, 885 F.3d at 642. Liberal construction of a pro se civil rights complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir.

2014) (internal quotation marks and citation omitted).  Nor do district court judges have an "obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 42 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not speculate about [the plaintiff's] claims, and has no obligation to act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)).

The Court cannot dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Before dismissing a pro se complaint, the Court must provide the litigant with notice of the deficiencies in his complaint "to ensure that the litigant uses the opportunity to amend effectively."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citations omitted).

//

//

//

//

4

## II. **PITTS' CLAIMS**[2]

Pitts is a pretrial detainee at the HCF.  ECF No. 1 at 1; *see also* VINE, https://www.vinelink.com/classic/#/home/site/50000 (follow "Find an Offender," then enter "Pitts" in "Last Name" field and "Joseph" in "First Name" field) (last visited June 9, 2021).  He is awaiting retrial in *State v. Pitts*, No. 1PC091000097 (Haw. 1st Cir. Ct.).[3]  ECF No. 1 at 1; *see also* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "1PC091000097" in "Case ID or Citation Number" field) (last visited June 9, 2021).  Pitts is currently represented in state court by his court-appointed counsel, Nelson Goo.[4]  *See* Pitts, 1PC091000097, Dkt. No. 472.

---

[2]Pitts' factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3]A jury convicted Pitts of attempted murder in the second degree, and a judge sentenced him to life imprisonment with the possibility of parole.  *See State v. Pitts*, 146 Hawai'i 120, 127, 456 P.3d 484, 491 (2019).  The Hawai'i Supreme Court, however, subsequently vacated the judgment of conviction and sentence and remanded the case for further proceedings.  *Id.* at 138, 456 P.3d at 502.

[4]Pitts asserts that Walter Schoettle and John Schum are also "attorneys of record" in his state case.  On August 4, 2020, however, the circuit court granted Schoettle's motion to withdraw. *See* Pitts, 1PC091000097, Dkt. No. 437.  Likewise, on April 17, 2017, the circuit court had granted Schum's motion to withdraw.  *See* Pitts, 1PC091000097, Dkt. No. 321.  Pitts further asserts that he "communicates" with Myles Breiner, and he calls David Altuna for "consultations."  ECF No. 1 at 6.

Pitts also has a second civil rights complaint pending in this district.[5]   ECF

No. 1 at 1; *see Pitts v. Espinda*, Civ. No. 20-00431 LEK-KJM (D. Haw.).   Pitts is

representing himself in that matter.

Pitts claims that there were no "restrictions" on his ability to make "legal

calls" when he arrived at the HCF on February 5, 2021.   ECF No. 1 at 1.

According to Pitts, this changed following a riot at the HCF on April 16, 2021.   *Id.*

at 7.   The riot led to a "standoff" between five inmates and guards.   *Id.*   Pitts was

not one of the five inmates involved in the standoff.   *Id.*   Pitts claims that, in

retaliation for the standoff, Warden Harrington and Chun implemented a policy

that limited inmates who were housed in Special Holding Units to one

thirty-minute period each day to make legal telephone calls.   *Id.*   This policy took

effect on April 28, 2021.   *Id.*

Pitts claims that he asked Adult Corrections Officer ("ACO") Kamanawa

and CM Alicia (who are not named as defendants) "to add time to call [an]

attorney" on May 3, 2021.   *Id.* at 9.   Chun allegedly instructed Kamanawa and

Alicia to tell Pitts that he was to "go by [the] Warden's memo."   *Id.*   Pitts further

claims that he orally asked Warden Harrington to lift the time limit on May 7,

---

[5]According to Pitts, he also submitted a Prison Rape Elimination Act ("PREA") complaint to
prison officials and a related complaint to the Office of the Ombudsman.   ECF No. 1 at 6.

2021, but Warden Harrington told Pitts, "you'll be alright," and he walked away. *Id.*

Pitts also claims that prisoners in Special Holding Units do not have access to a "confidential visiting room to meet with counsel without prison officials listening." *Id.* at 10.  According to Pitts, he met with Schum in a room with audio and video surveillance capabilities on April 9, 23, and 29, 2021. *Id.*  Pitts seeks injunctive and declaratory relief, costs and damages. *Id.* at 11.

## III.  **DISCUSSION**

### A.    **Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)).  "'A person "subjects" another to

the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.     Eleventh Amendment**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims for money damages against Warden Harrington and Chun in their official capacities are barred by the Eleventh Amendment and DISMISSED with prejudice.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting

in his or her official capacity.").  The Eleventh Amendment does not bar Pitts'
claims for money damages against Warden Harrington and Chun in their individual
capacities, nor does it bar his claims for prospective relief against Defendants in
their official capacities based on any ongoing violations of federal law.

## C.     First Amendment

### 1.      Access to the Courts

Pitts marked a box on the Court's pre-printed complaint form to indicate that
his claim involves "Access to the court."[6]  ECF No. 1 at 5.  "The First Amendment
guarantees a prisoner . . . a right of meaningful access to the courts." *Jones v.
Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015).  Claims for the denial of access to
the courts may arise from "official action [that] frustrates a plaintiff . . . in
preparing and filing suits at the present time," or from "specific cases that cannot
now be tried[.]"  *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).

"Whether an access claim turns on a litigating opportunity yet to be gained
or an opportunity already lost, the very point of recognizing any access claim is to
provide some effective vindication for a separate and distinct right to seek judicial

---

[6]Although Pitts included only one Count in his Complaint, he marked boxes next to "Access to
the court" and "Retaliation," and he wrote in "Denial of Due Process" and "Denial of Protected
Liberty Interests Denial of Counsel."  ECF No. 1 at 5.  If Pitts decides to file an amended
pleading, he is reminded that for any claim involving more than one issue, each issue should be
pled in a separate count.

relief for some wrong." *Id.* at 414–15.  A plaintiff must allege, therefore, an "actual injury"—that is, "that a nonfrivolous legal claim ha[s] been frustrated or [i]s being impeded." *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (footnotes omitted).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415.  Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, although Pitts marked a box next to "Access to the court" on the Court's pre-printed complaint form, he does not identify a nonfrivolous legal claim that has been frustrated or is being impeded.  *See* ECF No. 1 at 5.  Indeed, Pitts acknowledges that he is currently pursuing legal claims on his own in another action pending in this district.  *See Pitts v. Espinda*, Civ. No. 20-00431 LEK-KJM (D. Haw.).  To the extent Pitts attempts to claim that he is being denied access to the courts in his state criminal case, that argument fails because Pitts is represented by court-appointed counsel in state court.  *See United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (holding access to a court-appointed attorney satisfies prison authorities' obligation to provide prisoners meaningful access to the courts); *see also Lena v. San Quentin State Prison*, 68 F. App'x 749, 750 (9th Cir. 2016)

("Dismissal of [plaintiff's] access-to-courts claim was proper because [he] was represented by court-appointed counsel in his state criminal appeal."); *Davies v. Heick*, Civ. No. 20-00173 LEK-RT, 2020 WL 5805463, at *4 (D. Haw. Sept. 29, 2020) ("Plaintiff cannot state a claim for denial of access to the courts in proceedings in which he is represented by counsel."). Pitts' access-to-the-courts claim is DISMISSED with leave to amend.

### 2. Retaliation

Pitts also marked a box indicating that his claim involves retaliation. ECF No. 1 at 5. A viable First Amendment retaliation claim in the prison context requires: (1) an assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Pitts fails to state a retaliation claim because he does not allege that Warden Harrington and Chun took some adverse action against him because of his protected conduct. According to Pitts, Warden Harrington and Chun implemented a telephone policy for all inmates housed in Special Housing Units in response to a "riot" by inmates and a subsequent "standoff" with five inmates and prison officials. ECF No. 1 at 7. Pitts does not allege that he participated in the riot, and

he explicitly states that he was not involved in the standoff.  *Id.* at 6–7.  Even if Pitts had been involved in the riot or the resulting standoff, neither qualifies as protected conduct.  *See Alexander v. Cal. Dep't of Corr.*, No. 2:08-cv-02773 MCE KJN P, 2011 WL 837155, at *2 (E.D. Cal. Mar. 9, 2011) ("Plaintiff's ubiquitous allegation that officials treated him unfairly based on his purported conduct during a prison riot does not allege an adverse action due to federally protected conduct.").  Pitts' retaliation claim is DISMISSED with leave to amend.

## D.    Sixth Amendment

Pitts alleges that the telephone policy Warden Harrington and Chun implemented denied him access to counsel.  ECF No. 1 at 8.  Pitts also alleges that he could not communicate confidentially with counsel because the "High Special Holding Unit" does not have a "confidential visiting room."  *Id.* at 10.

### 1.    Access to counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  The Supreme Court has noted that, "to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself."  *Maine v. Moulton*, 474 U.S. 159, 170 (1985).

Nonetheless, "[n]ot every restriction on counsel's time or opportunity to investigate or consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). One court has said that a pretrial detainee's right to counsel may be infringed when prison regulations or practices unreasonably burden, significantly interfere, or unjustifiably obstruct the detainee's access to counsel. *See Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001); *see also Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (noting that "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys, and "[r]egulations and practices that unjustifiably obstruct the availability of professional representation . . . are invalid"), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989).

Pitts claims that he asked two prison officials for "more time to call [an] attorney" on the afternoon of May 3, 2021, but Chun allegedly told the officials to "go by [Warden Harrington's] memo." ECF No. 1 at 9. Pitts fails to state a plausible Sixth Amendment claim for at least two reasons. First, Pitts does not say which attorney he wanted to speak with on May 3, or why he wanted to do so. It is unclear if Pitts sought to speak with his court-appointed counsel in connection with his criminal case, or with some other attorney regarding an unrelated, civil matter. If it was the latter, the Sixth Amendment simply is not implicated. *See Alvarez v.*

*Horel*, 415 F. App'x 836, 837 (9th Cir. 2011) ("[T]he Sixth Amendment applies only to criminal proceedings.").

Moreover, even if Pitts sought to speak with his court-appointed counsel, he fails to allege that his access to counsel was unreasonably burdened, significantly interfered with, or unjustifiably obstructed. *See Benjamin*, 24 F.3d at 187. While Pitts claims that prison officials denied his request for additional time to speak with an attorney on May 3, he does not allege that he was unable to communicate everything he needed to during the authorized thirty-minute period. Nor does he allege that prison officials prevented him from communicating in person, in writing, or on the telephone with his court-appointed counsel on May 4, or any day since then. Pitts' access-to-counsel claim is DISMISSED with leave to amend.

### 2.    Confidential communication with counsel

"The right to counsel is violated when (1) the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, and (2) the interference substantially prejudices the criminal defendant." *Nordstrom v. Ryan*, 856 F.3d 1256, 1271 (9th Cir. 2017) (internal quotation marks and citation omitted). The Ninth Circuit has said that "a defendant's ability to communicate candidly and confidentially with defense counsel is essential to his defense and nearly sacrosanct." *Id.* (internal quotation marks and citation omitted). "Substantial prejudice results from the introduction of

14

evidence gained through the interference against the defendant at trial, from the prosecution's use of confidential information pertaining to defense plans and strategy, and from other actions designed to give the prosecution an unfair advantage at trial." *United States v. Danielson*, 325 F.3d 1054, 1069 (9th Cir. 2003) (internal quotation marks and citation omitted).

Pitts claims that inmates housed in the High Special Holding Unit do not have access to a "confidential visiting room" where they can meet with counsel. ECF No. 1 at 10.  According to Pitts, he met with John Schum in a room with "audio and video surveillance" capabilities on April 9, 23, and 29, 2021. *Id.*  Even assuming the veracity of these allegations, Pitts' claim is flawed for several reasons.  First, Pitts does not link either Defendant to these alleged violations.  *See Hendon v. Witcher*, 308 F. App'x 43, 44 (9th Cir. 2008) ("The district court did not err when it dismissed [plaintiff's] . . . claim because he failed to allege a causal link between each named defendant and some affirmative act or omission that demonstrated a violation of his constitutional rights.").  Second, by the time of the April 2021 meetings, Schum had withdrawn as Pitts' counsel.  *See Pitts*, 1PC091000097, Dkt. No. 321 (April 17, 2017 order granting Schum's motion to withdraw as counsel).  Thus, none of Pitts' recent meetings in the potentially non-confidential setting plausibly occurred with Schum, four years after Schum withdrew.  Third, although Pitts claims that the room where he met Schum had

audio and video surveillance capabilities, he does not allege that prison officials, in fact, recorded the meetings.  Nor does Pitts otherwise say how he was substantially prejudiced.  *See Danielson*, 325 F.3d at 1069 ("[I]improper interference by the government with the confidential relationship between a criminal defendant and his counsel violates the Sixth Amendment only if such interference 'substantially prejudices' the defendant.").  Pitts claim based on his meetings with Schum are DISMISSED with leave to amend.

### E.    Fourteenth Amendment

Pitts cites the Fourteenth Amendment, ECF No. 1 at 2, and claims that the telephone policy amounted to punishment, *id.* at 9.

Pretrial detainees have a substantive due process right against restrictions that amount to punishment.  *See United States v. Salerno*, 481 U.S. 739, 746 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979); *Vazquez v. County of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020).  "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee."  *Vazquez*, 949 F.3d at 1163.  *De minimis* deprivations, however, do not demand due process protections.  *See Bell*, 441 U.S. at 539 n.21 ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." (internal quotation marks and citation omitted)); *see also Smith v.*

*Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) ("[N]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense.").

Pitts contends that limiting inmates' legal calls to thirty minutes each day amounted to punishment. *See* ECF No. 1 at 9. Pitts has not alleged, however, anything more than a *de minimis* deprivation. Although Pitts alleges that he asked two prison officials "to add more time to call [an] attorney" on the afternoon of May 3, ECF No. 1 at 9, as already noted, Pitts does not say which attorney he wanted to speak with or why he wanted to do so. He also does not say why thirty minutes was not long enough to communicate with this attorney. Moreover, Pitts fails to say how he was harmed by the thirty-minute policy. The fact that Pitts would have preferred more time to speak with an unidentified attorney regarding unspecified matters on a single day does not amount to punishment. *See Collins v. Ainsworth*, 382 F.3d 529, 545 (5th Cir. 2004) ("[Detainees] who were not granted phone calls . . . for a period of less than 24 hours were not subjected to impermissible punishment.").

To the extent Pitts attempts to claim due process protections for his right to counsel in his criminal case, that claim must be analyzed under the Sixth Amendment, not the Due Process Clause of the Fourteenth Amendment. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed

under the standard appropriate to that specific provision, not under the rubric of substantive due process.").  For the reasons set forth above, Pitts fails to state a plausible Sixth Amendment claim.

## F.   Prison Regulations

Pitts also alleges that the telephone policy was inconsistent with Department of Public Safety ("DPS") regulations.  ECF No. 1 at 8–9.  Any claim based solely on a DPS regulation, however, is not cognizable under 42 U.S.C. § 1983.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (noting that "state departmental regulations do not establish a federal *constitutional* violation"); *see also De Cambra v. Sakai*, Civ. No. 14-00279 DKW-BMK, 2014 WL 3108002, at *6 (D. Haw. July 7, 2014) ("Violations of state prison rules and regulations, without more, do not support claims under § 1983.").  Any claims based on DPS regulations are therefore DISMISSED with prejudice.

## IV.  LEAVE TO AMEND

The Complaint is DISMISSED with partial leave to amend.  If Pitts wishes to pursue his claims, he must file an amended pleading on or before **June 30, 2021**.  Pitts may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the

original Complaint.  Claims that do not properly relate to his original pleading are subject to dismissal.

Pitts must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.    28 U.S.C. § 1915(g)

If Pitts fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

19

28 U.S.C. § 1915(g).

## VI.   <u>CONCLUSION</u>

(1) The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

(2) Any claims for money damages against Warden Harrington and Chun in their official capacities and any claim based on a violation of a state regulation are DISMISSED with prejudice.

(3) Pitts' First Amendment access-to-the-courts and retaliation claims, Sixth Amendment access-to-counsel and communication-with-counsel claims, and Fourteenth Amendment claims are DISMISSED with leave to amend.

(4) If Pitts decides to pursue this action, he must file an amended pleading that cures the deficiencies in his claims on or before **June 30, 2021**.

//

//

//

//

//

(5) Failure to file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Pitts may incur a strike under

28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  June 14, 2021 at Honolulu, Hawaii.



_____
Derrick K. Watson
United States District Judge

---

*Pitts v. Harrington, et al.*; Civil No. 21-00249 DKW-KJM; **ORDER
DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**