IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, #A0259019, | CIVIL NO. 21-00249 DKW-KJM |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| v. | |
| SCOTT HARRINGTON, | |
| Defendant. | |

Before the Court is pro se Plaintiff Joseph Pitts' First Amended Prisoner

Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. ECF No.

10. Pitts alleges that Defendant Scott Harrington, the warden at the Halawa

Correctional Facility ("HCF"), violated the First, Sixth, and Fourteenth

Amendments to the United States Constitution by issuing a memorandum that

limits Pitts' "legal access" to thirty minutes a day. For the following reasons, the

FAC is DISMISSED with partial leave to amend.

## I. SCREENING

The Court is required to conduct a pre-Answer screening of any case in

which a prisoner seeks redress from a governmental entity, or officer or employee

of a governmental entity, or in which a plaintiff proceeds in forma pauperis.

28 U.S.C. §§ 1915(e)(2), 1915A(a).  During this screening, the Court must dismiss any complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

In determining whether a complaint or any portion thereof should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b), the Court applies the same standard as that under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12").  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See Iqbal*, 556 U.S. at 678.  Although this plausibility standard does not equate to a "probability requirement," "it asks for more than sheer possibility

that a defendant has acted unlawfully." *Id.*; *see also Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (same).

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8") when screening a complaint. Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted) (brackets in original); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (same).

The Court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt. *See Byrd*, 885 F.3d at 642. Liberal construction of a pro se civil rights complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citation omitted). Nor do district court judges

3

have an "obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 42 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not speculate about [the plaintiff's] claims, and has no obligation to act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)).

The Court cannot dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Before dismissing a pro se complaint, the Court must provide the litigant with notice of the deficiencies in his complaint "to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citations omitted).

## II. **BACKGROUND**[1]

Pitts is currently incarcerated at the HCF. ECF No. 10 at 4; *see also* VINE, https://www.vinelink.com/classic/#/home/site/50000 (follow "Find an Offender," then enter "Pitts" in "Last Name" field and "Joseph" in "First Name" field) (last

---

[1]Pitts' factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

visited Aug. 18, 2021). He is awaiting retrial in *State v. Pitts*, No. 1PC091000097

(Haw. 1st Cir. Ct.).[2] *See* Hawaii State Judiciary, https://www.courts.state.hi.us/

(follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select

"Case Search," and enter "1PC091000097" in "Case ID or Citation Number" field)

(last visited Aug. 18, 2021). Pitts is represented in state court by his

court-appointed counsel, John Schum, Esq. *See Pitts*, 1PC091000097, Dkt. No.

580.

Pitts filed his original Complaint on May 26, 2021. ECF No. at 1. He

alleged that Warden Harrington and another prison official violated the First, Sixth,

and Fourteenth Amendments by instituting a policy that limited inmates to thirty

minutes each day for legal telephone calls.[3] *Id.* at 5–10.

The Court issued an Order Dismissing Complaint with Partial Leave to

Amend on July 14, 2021. ECF No. 4. To the extent Pitts sought money damages

from prison officials in their official capacities, the Court dismissed with prejudice

those claims because they were barred by the Eleventh Amendment. *Id.* at 8–9.

The Court dismissed Pitts' First Amendment claims because Pitts failed to identify

---

[2]A jury convicted Pitts of attempted murder in the second degree, and a judge sentenced him to life imprisonment with the possibility of parole. *See State v. Pitts*, 146 Hawaiʻi 120, 127, 456 P.3d 484, 491 (2019). The Hawaiʻi Supreme Court, however, subsequently vacated the judgment of conviction and sentence and remanded the case for further proceedings. *Id.* at 138, 456 P.3d at 502.

[3]Pitts also named Monica Chun as a Defendant in the original Complaint. ECF No. 1 at 1. Pitts does not rename her as a Defendant in the FAC.

a nonfrivolous legal claim that was frustrated or impeded, and he failed to allege that a prison official took some adverse action against him because of his protected conduct. *Id.* at 9–12. The Court dismissed Pitts' Sixth Amendment claims because he did not plausibly allege that his access to counsel was unreasonably burdened, and he failed to allege that a prison official improperly interfered with his confidential relationship with counsel. *Id.* at 12–16. The Court dismissed Pitts' Fourteenth Amendment claim because he failed to plausibly allege that the telephone policy amounted to punishment. *Id.* at 16–18. Finally, the Court explained that Pitts could not state a claim under 42 U.S.C. § 1983 based on Department of Public Safety policies. *Id.* at 18. The Court therefore dismissed the Complaint with partial leave to amend.

Pitts filed the FAC on August 13, 2021, naming Warden Harrington as the only Defendant. ECF No. 10. Pitts alleges that he experienced "no restrictions on the phone (legal or personal)" during previous periods of incarceration at the Oahu Community Correctional Center. ECF No. 10 at 4. Upon his transfer to the HCF, however, Pitts was subject to Warden Harrington's May 28, 2021 memorandum that "restrict[ed] [his] legal access to thirty minutes per day." *Id.* Pitts again alleges that Warden Harrington's memorandum "infringe[d] on [his] ability to litigate[,] access attorneys[, and] assist in his own criminal defense[.]" *Id.* at 5. According to Pitts, on June 1, 2020, Schum sent an e-mail to a prison official

stating that Pitts should be treated as a pretrial detainee because his conviction had been set aside.  ECF No. 10-2 at 1.  As a result, Schum further stated that Pitts should receive additional time for legal calls.  *Id.*  Pitts seeks declaratory and injunctive relief, costs, and damages against Warden Harrington in his individual and official capacities.  ECF No. 10 at 1, 6.

Pitts also has a second civil rights complaint pending in this district.[4]  ECF No. 10 at 3; *see Pitts v. Espinda*, Civ. No. 20-00431 LEK-KJM (D. Haw.).  Pitts is representing himself in that matter.

## III. <u>DISCUSSION</u>

### A.    Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action,

---

[4]According to Pitts, he also submitted Prison Rape Elimination Act ("PREA") complaints against prison officials.  ECF No. 10 at 5.

the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)). "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## B.    Eleventh Amendment

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

To the extent Pitts seeks money damages against Warden Harrington in his official capacity, those claims are barred by the Eleventh Amendment and

therefore remain DISMISSED with prejudice.  *See Mitchell v. Washington*, 818

F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages

against a state official acting in his or her official capacity.").  The Eleventh

Amendment does not bar Pitts' claims for money damages against Warden

Harrington in his individual capacity, nor does it bar Pitts' claims for prospective

relief against Warden Harrington in his official capacity based on any ongoing

violations of federal law.

## C.    First Amendment

Pitts marked a box on the Court's pre-printed complaint form to indicate that

his claim involves "Access to the court."[5]  ECF No. 10 at 4.

"The First Amendment guarantees a prisoner . . . a right of meaningful

access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015).

Claims for the denial of access to the courts may arise from "official action [that]

frustrates a plaintiff . . . in preparing and filing suits at the present time," or from

"specific cases that cannot now be tried[.]"  *Christopher v. Harbury*, 536 U.S. 403,

413–14 (2002).

---

[5]Although Pitts included only one Count in the FAC, he marked the box next to "Access to the court," and he also wrote in "Due Process," "State Created Liberty Interest," and "Access to Counsel."  ECF No. 10 at 4.  If Pitts decides to file an amended pleading, he is again reminded that for any claim involving more than one issue, each issue should be pled in a separate count. Otherwise, it is difficult for the Court to discern what Warden Harrington allegedly did or did not do to violate particular rights of Pitts.

"Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414–15.  A plaintiff must allege, therefore, an "actual injury"—that is, "that a nonfrivolous legal claim ha[s] been frustrated or [i]s being impeded." *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (footnotes omitted).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415. Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, although Pitts marked a box next to "Access to the court" on the Court's pre-printed complaint form, he does not identify a nonfrivolous legal claim that has been frustrated or is being impeded. *See* ECF No. 10 at 4–5.  Indeed, Pitts acknowledges that he is currently pursuing legal claims on his own in another action pending in this district. *See Pitts v. Espinda*, Civ. No. 20-00431 LEK-KJM (D. Haw.).  To the extent Pitts attempts to claim that he is being denied access to the courts in his state criminal case, that argument fails because Pitts is represented by court-appointed counsel in state court. *See United States v. Wilson*, 690 F.2d

1267, 1271 (9th Cir. 1982) (holding access to a court-appointed attorney satisfies prison authorities' obligation to provide prisoners meaningful access to the courts); *see also Lena v. San Quentin State Prison*, 68 F. App'x 749, 750 (9th Cir. 2016) ("Dismissal of [plaintiff's] access-to-courts claim was proper because [he] was represented by court-appointed counsel in his state criminal appeal."); *Davies v. Heick*, Civ. No. 20-00173 LEK-RT, 2020 WL 5805463, at *4 (D. Haw. Sept. 29, 2020) ("Plaintiff cannot state a claim for denial of access to the courts in proceedings in which he is represented by counsel.").  Pitts' access-to-the-courts claim is again DISMISSED with leave to amend.

## D.   Sixth Amendment

Pitts alleges that Warden Harrington's telephone policy denied him access to counsel.[6]  ECF No. 10 at 4–5.

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  The Supreme Court has noted that, "to deprive a person of

---

[6]Pitts also alleges that he was forced to meet with counsel in a room with audio equipment that prison officials could have used to listen in on his conversations.  *See* ECF No. 10 at 4–5.  Pitts does not, however, link this allegation to Warden Harrington, the only named Defendant.  *See De Cambra v. Sakai*, No. 14-00279 DKW-BMK, 2014 WL 3108002, at * (D. Haw. July 7, 2014) ("Section 1983 requires an actual connection or link between a defendant's actions and the plaintiff's allegations.").  Pitts therefore fails to state a claim based on this allegation.

counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself." *Maine v. Moulton*, 474 U.S. 159, 170 (1985).

Nonetheless, "[n]ot every restriction on counsel's time or opportunity to investigate or consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). One court has said that a pretrial detainee's right to counsel may be infringed when prison regulations or practices unreasonably burden, significantly interfere with, or unjustifiably obstruct the detainee's access to counsel. *See Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001); *see also Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (noting that "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys, and "[r]egulations and practices that unjustifiably obstruct the availability of professional representation . . . are invalid"), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989); *United States v. Granados*, No. CF 20-00019-CJC-2, 2020 WL 3871448, at *4 (C.D. Cal. July 9, 2020) ("[A] pretrial detainee's right to counsel is infringed when prison regulations unreasonably burden or significantly interfere with the detainee's access to counsel.").

Pitts fails to state a plausible Sixth Amendment claim. Although Pitts claims that Warden Harrington's May 28, 2021 memorandum limits "[h]is ability to access counsel," Pitts fails to say how his access to counsel has been

unreasonably burdened, significantly interfered with, or unjustifiably obstructed. Indeed, three days after Warden Harrington issued the May 28, 2021 memorandum, Schum sent an e-mail to a prison official stating that Pitts should not be limited to thirty minutes of legal calls per day because he is a pretrial detainee.  ECF No. 10-2 at 1.  Pitts does not allege that he was prevented from speaking with counsel in his criminal case.  Nor does Pitts allege that any of his calls or meetings with his counsel in that matter were limited in any way.  Pitts therefore fails to allege a plausible access-to-counsel claim.  *See Benjamin*, 264 F.3d at 187 (noting that "prison regulations restricting pretrial detainees' contact with their attorneys to be unconstitutional where they 'unreasonably burdened the inmate's opportunity to consult with his attorney and to prepare his defense'").  Pitts' access-to-counsel claim is again DISMISSED with leave to amend.

## E.    Fourteenth Amendment – Due Process

Pitts also alleges that the May 28, 2021 memorandum violated his right to due process based on a state-created liberty interest.  ECF No. 10 at 4.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).  "A liberty interest can arise from one of two sources—either the Due Process Clause of the Fourteenth Amendment or state law."  *Chappell v. Mandeville*, 706 F.3d 1052,

13

1062 (9th Cir. 2013). "A state may create a liberty interest through statutes, prison regulations, and policies." *Id.* at 1063.

For many years, courts analyzed whether a state had created a liberty interest in its prison regulations by asking "whether the state has placed 'substantive limitations on official discretion,' through 'adopting regulations which establish 'substantive predicates' to govern official decisionmaking,' by using 'explicitly mandatory' rather than discretionary language." *Id.* (quoting *Mendoza v. Blodgett*, 960 F.2d 1425, 1428–29 (9th Cir. 1992)). The relevant analysis changed, however, after the Supreme Court decided *Sandin v. Connor*, 515 U.S. 472 (1995). In *Sandin*, the Court explained that in evaluating whether a state-created liberty interest exists, the relevant inquiry is whether the action "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Thus, as the Ninth Circuit has said, "the discretionary/mandatory substantive predicates approach was 'abandoned' or 'overruled' in *Sandin*[.]" *Chappell*, 706 F.3d at 1064.

Pitts has not presented a plausible due process claim based on a state-created liberty interest. Pitts does not allege that Warden Harrington's May 28, 2021 memorandum imposed on him an "atypical and significant hardship." As noted above, Pitts does not assert that he was prevented from speaking with counsel in his criminal case. Nor does Pitts claim that any of his calls with that counsel were

14

otherwise limited.  To the extent Pitts asserts that certain prison regulations include "mandatory language" regarding legal calls, that is not the relevant inquiry.  *See Chappell*, 706 F.3d at 1064 ("*Sandin* and its progeny made this much clear: to find a violation of a state-created liberty interest the hardship imposed on the prisoner must be 'atypical and significant . . . in relation to the ordinary incidents of prison life.'" (quoting *Sandin*, 515 U.S. at 483 –84)).  Pitts' due process claim based on a state-created liberty interest is DISMISSED with leave to amend.

## IV.  <u>LEAVE TO AMEND</u>

The FAC is DISMISSED with partial leave to amend.  If Pitts wishes to pursue his claims, he must file an amended pleading on or before September 14, 2021.  Pitts may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to the FAC are subject to dismissal.

Pitts must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Any defendant not renamed and claims not realleged in an amended

15

complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.    28 U.S.C. § 1915(g)

If Pitts fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.    CONCLUSION

(1) The First Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), with partial leave to amend as set forth above.

(2) Any claims for money damages against Warden Harrington in his official capacity are DISMISSED with prejudice.

16

(3) Pitts' First Amendment access-to-the-courts claim, his Sixth Amendment access-to-counsel claims, and his Fourteenth Amendment claim based on a state-created liberty interest are DISMISSED with leave to amend.

(4) If Pitts decides to pursue this action, he must file an amended pleading that cures the deficiencies in his claims on or before September 14, 2021.

(5) The Clerk is DIRECTED to send Pitts a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

(6) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Pitts may incur a strike under 28 U.S.C. § 1915(g).

//

//

//

//

//

//

(7) Alternatively, if Pitts opts to voluntarily dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure, such voluntary dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: August 27, 2021 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Pitts v. Harrington, et al.*; Civil No. 21-00249 DKW-KJM; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND**