IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, #A0259019,<br><br>      Plaintiff,<br><br>    v.<br><br>SCOTT HARRINGTON,<br><br>      Defendant. | CIVIL NO. 21-00249 DKW-KJM<br><br>ORDER DISMISSING IN PART AND STAYING IN PART ACTION |

      Before the Court is pro se Plaintiff Joseph Pitts' Second Amended Prisoner Civil Rights Complaint ("SAC") brought pursuant to 42 U.S.C. § 1983.[1]  ECF No. 16.  Pitts alleges that Defendant Scott Harrington, the warden at the Halawa Correctional Facility ("HCF"), violated the Sixth and Fourteenth Amendments to the United States Constitution by issuing a memorandum that limits to thirty minutes a day Pitts' telephone calls with his defense counsel in an ongoing state criminal case.  To the extent Pitts seeks injunctive or declaratory relief related to his ongoing state criminal proceedings, those claims are DISMISSED.  To the extent Pitts seeks damages based on an alleged violation of his constitutional

---

[1] Pitts mistakenly labeled his latest pleading a "Third Amended Complaint."  ECF No. 16 at 1.  This is Pitts' first pleading since the Court dismissed his First Amended Complaint on August 27, 2021.  ECF No. 11.

rights, those claims are STAYED.  The Clerk of Court will ADMINSTRATIVELY CLOSE this case until the ongoing state criminal proceedings against Pitts are concluded.

## I. SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

Pitts is currently incarcerated at the HCF. ECF No. 16 at 2; *see also* VINE, https://www.vinelink.com/classic/#/home/site/50000 (follow "Find an Offender," then enter "Pitts" in "Last Name" field and "Joseph" in "First Name" field) (last visited Dec. 10, 2021). He is awaiting retrial in *State v. Pitts*, No. 1PC091000097 (Haw. 1st Cir. Ct.).[3] *See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "1PC091000097" in "Case ID or Citation Number" field)

---

[2]Pitts' factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3]A jury convicted Pitts of attempted murder in the second degree, and a judge sentenced him to life imprisonment with the possibility of parole. *See State v. Pitts*, 146 Hawaiʻi 120, 127, 456 P.3d 484, 491 (2019). The Hawaiʻi Supreme Court, however, subsequently vacated the judgment of conviction and sentence and remanded the case for further proceedings. *Id.* at 138, 456 P.3d at 502.

(last visited Dec. 10, 2021). Pitts is represented in state court by his court-appointed counsel, John Schum, Esq. *See Pitts*, 1PC091000097, Dkt. No. 580.

Pitts filed his original Complaint on May 26, 2021. ECF No. at 1. He alleged that Warden Harrington and another prison official violated the First, Sixth, and Fourteenth Amendments by instituting a policy that limited inmates to thirty minutes each day for legal telephone calls.[4] *Id.* at 5–10. Pitts noted that he had a second civil rights case pending in this district, *see Pitts v. Espinda*, Civ. No. 20-00431 LEK-KJM (D. Haw.), "an active [Prison Rape Elimination Act] case against HCF officials," and an "open case with the State Ombudsman Office." ECF No. 1 at 5–6.

The Court issued an Order Dismissing Complaint with Partial Leave to Amend on July 14, 2021. ECF No. 4. To the extent Pitts sought money damages from prison officials in their official capacities, the Court dismissed with prejudice those claims because they were barred by the Eleventh Amendment. *Id.* at 8–9. The Court dismissed Pitts' First Amendment claims because Pitts failed to identify a nonfrivolous legal claim that was frustrated or impeded, and he failed to allege that a prison official took some adverse action against him because of his protected

---

[4] Pitts also named Monica Chun as a Defendant in the original Complaint. ECF No. 1 at 1. Pitts did not rename Chun in either of his subsequent pleadings.

conduct. *Id.* at 9–12.  The Court dismissed Pitts' Sixth Amendment claims because he did not plausibly allege that his access to counsel was unreasonably burdened, and he failed to allege that a prison official improperly interfered with his confidential relationship with counsel.  *Id.* at 12–16.  The Court dismissed Pitts' Fourteenth Amendment claim because he failed to plausibly allege that the telephone policy amounted to punishment.  *Id.* at 16–18.

Pitts filed his First Amended Complaint on August 13, 2021, naming Warden Harrington as the only Defendant.  ECF No. 10.  Pitts alleged that Warden Harrington issued a May 28, 2021 memorandum that "restrict[ed] [his] legal access to thirty minutes per day."  *Id.* at 4.  Pitts further alleged that the memorandum "actively frustrate[ted] and impede[d] [his] speech" and "[h]is ability to access counsel/assist in his own criminal defense," and "stymie[d] [his] access to the State Ombudsman Office . . . and other attorneys and legal agencies for consultation and assistance."  *Id.*

The Court issued an Order Dismissing First Amended Complaint with Partial Leave to Amend on August 27, 2021.  ECF No. 11.  To the extent Pitts sought money damages from Warden Harrington in his official capacity, the Court again dismissed with prejudice those claims because they were barred by the Eleventh Amendment.  *Id.* at 8–9.  Once more, the Court dismissed Pitts' First Amendment claims because Pitts failed to identify a nonfrivolous legal claim that

was frustrated or impeded. *Id.* at 10–12. The Court dismissed Pitts' Sixth Amendment claims because he did not plausibly allege that his access to counsel was unreasonably burdened. *Id.* at 11–13. Finally, the Court dismissed Pitts' Fourteenth Amendment claims because he failed to present a plausible claim based on a state-created liberty interest. *Id.* at 13–15.

Pitts filed the SAC on November 22, 2021. ECF No. 16. The SAC includes a single count focusing on Pitts' ongoing state criminal proceedings. Pitts alleges that Warden Harrington's May 28, 2021 memorandum "burdens, significantly interferes [with,] and unjustifiably obstructs [Pitts'] access to his attorney and to assist in his own defense." *Id.* at 4. According to Pitts, he is "fighting a potential life sentence" and it is "[i]mpossible to review thousands of pages of discovery/transcripts evidence/dictate motions/discuss trial [strategies] . . . in thirty minutes per day." *Id.* at 3. Pitts seeks injunctive and declaratory relief, and damages. *Id.* at 8.

### III. DISCUSSION

#### A.    Eleventh Amendment

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations

omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

To the extent Pitts seeks money damages against Warden Harrington in his official capacity, those claims are barred by the Eleventh Amendment and therefore remain DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity."). The Eleventh Amendment does not bar Pitts' claims for money damages against Warden Harrington in his individual capacity, nor does it bar Pitts' claims for prospective relief against Warden Harrington in his official capacity based on any ongoing violations of federal law.

**B.     *Younger* Abstention Doctrine**

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.2d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted). The Supreme Court

7

held in *Younger* that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment before federal court intervention is permitted. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("[E]ven if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.").

*Younger* abstention applies regardless of whether the applicant seeks declaratory or injunctive relief, or damages. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies equally to damages actions as to actions seeking declaratory and injunctive relief). If a claim for declaratory or injunctive relief is raised, the federal court should abstain and dismiss without prejudice; if a damages claim is raised, the court should abstain

and stay the federal proceedings until the state court proceedings are concluded. *See id.*

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, Pitts' criminal proceedings are ongoing; his trial is currently scheduled for the week of January 31, 2022. *See* Pitts, 1PC091000097, Dkt. No. 622; *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 6220208, at *3 (D. Haw. Nov. 28, 2018) (concluding that state proceedings were ongoing because plaintiff was "awaiting prosecution on charges that were instituted before [the] action began").

Second, the State of Hawaii has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings. *See McCoy v. Sequeira*, Civ. No. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Haw. Sept. 18, 2020) ("Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings.").

Third, Pitts is represented by counsel in his ongoing state criminal proceedings, and there are no apparent procedural bars preventing Pitts from raising his access-to-counsel claims in his criminal proceeding, on direct appeal, or, if necessary, in a state post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure. *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong

9

of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."); *see also Mitchell v. Mitchell*, Civ. No. 13-00310 DKW-RLP, 2013 WL 4509658, at *4 n.2 (D. Haw. Aug. 23, 2013) ("State courts are as competent as federal courts to decide federal constitutional issues.").

Fourth, to allow this matter to proceed while the state criminal proceedings are ongoing would "interfere in a way that *Younger* disapproves." *Gilbertson*, 381 F.3d at 978. As the Ninth Circuit has stated, "interference is undoubtedly the reason for *Younger* restraint, or the end result to be avoided." *Id.* at 976–77; *see also id.* at 976 ("There is no doubt that interference with state proceedings is at the core of the comity concern that animates *Younger*."). "'[D]irect interference' is not required as a precondition for *Younger* abstention," *id.* at 978, only "*some* interference with state court proceedings is . . . necessary," *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 n.9 (9th Cir. 2007).

Here, Pitts asks the Court (1) to declare that his Sixth Amendment rights were violated, (2) to fashion a remedy to cure the alleged violation, and (3) to award him damages because of the purported violation. *See* ECF No. 16 at 8. *Younger* disapproves of such interference in Pitts' ongoing state proceedings. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam) (concluding that *Younger* abstention applied to pretrial detainee's action for declaratory relief and money damages based on alleged violation of Sixth

Amendment rights because the plaintiff could "adequately litigate in the ongoing state criminal proceedings his underlying claim of unconstitutional deprivation of counsel, and 'the potential for federal-state friction [resulting from federal intervention] is obvious'" (brackets in original)); *see also Nonnette v. Newsom*, No. 20-cv-01218-CJC (MAA), 2021 WL 1388349, at *7 (C.D. Cal. Apr. 13, 2021) ("Plaintiff's Sixth Amendment and Fourteenth Amendment Due Process claims threaten to interfere with the state criminal proceedings in a manner that *Younger* disapproves."); *Ruiz v. Youngquist*, No. C18-1545-RSM-MAT, 2019 WL 462516, at *3 (W.D. Wash. Jan. 10, 2019) ("Any concerns plaintiff has regarding his access to counsel should be brought to the attention of the court presiding over his criminal proceedings."), *report and recommendation adopted by* 2019 WL 461489 (W.D. Wash. Feb. 5, 2019).

Finally, nothing within the record or in the state court docket indicates that Pitts' upcoming state criminal trial is being conducted in bad faith or that any extraordinary circumstance exists. This Court therefore abstains from interfering in Pitts' ongoing state criminal proceedings.

To the extent Pitts seeks injunctive or declaratory relief, those claims are DISMISSED without prejudice. *Gilbertson*, 381 F.3d at 982 (noting that "*Younger* abstention precludes, but does not delay, federal litigation . . . when discretionary relief is at issue"); *see also Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir.

11

2010) ("The district court properly dismissed [plaintiff's] claims for declaratory and injunctive relief so as not to interfere with ongoing state proceedings.").

To the extent Pitts seeks damages, those claims are STAYED. *See Gilbertson*, 381 F.3d at 982 ("We are confident that *Younger* principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer—not to dismiss—when damages are at issue."); *see also Rhoden*, 31 F. App'x at 896 (concluding that plaintiff's "claims for money damages should have been stayed until the state court proceedings are completed"); *Char v. Smith*, Civ. No. 18-00202 HG-RLP, 2018 WL 3653227, at *4 (D. Haw. Aug. 1, 2018) (staying damages claims until after the conclusion of ongoing state criminal proceedings).

If Pitts "is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."[5] *Wallace v. Kato*, 549 U.S. 384, 394 (2007).

---

[5]Under *Heck*, "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

## IV. **CONCLUSION**

(1) Pitts' claims for money damages against Warden Harrington in his official capacity are DISMISSED with prejudice.

(2) Pitts' claims for declaratory or injunctive relief are DISMISSED without prejudice.

(3) Pitts' claims for damages against Warden Harrington in his individual capacity are STAYED.  Pitts SHALL report to the Court within thirty [30] days after the conclusion of his criminal proceedings in *State v. Pitts*, No. 1PC091000097 (Haw. 1st Cir. Ct.), which includes the conclusion of direct review on appeal.  At that time, Pitts SHALL NOTIFY the Court of the outcome of his criminal proceedings and declare whether or not he intends to proceed with this action.  If there is no longer a need to abstain, or dismiss the claims under *Heck v. Humphrey*, the Court will reopen this action.

//

//

//

//

//

//

//

(4) The Clerk of Court is DIRECTED to note that this suit is STAYED and to administratively close this action.

IT IS SO ORDERED.

DATED: December 13, 2021 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Pitts v. Harrington, et al.*; Civil No. 21-00249 DKW-KJM; **ORDER DISMISSING IN PART AND STAYING IN PART ACTION**